IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRETT LIEBERMAN, individually and
on behalf of all others similarly situated,

                Plaintiff,

  v.

PORTAGE COUNTY, PORTAGE COUNTY
SHERIFF'S OFFICE, PORTAGE COUNTY DISTRICT
ATTORNEY'S OFFICE, MIKE LUKAS in his individual
capacity, CORY NELSON in his individual capacity,
DALE BOETTCHER in his individual capacity,
JOHN DOE PORTAGE COUNTY SHERIFF'S OFFICE
PERSONNEL in their individual capacities, and
JOHN DOE PORTAGE COUNTY DISTRICT
ATTORNEY'S OFFICE PERSONNEL in their
individual capacities,

                Defendants.

OPINION & ORDER

18-cv-450-jdp

---

This is a proposed class action in which plaintiff Brett Lieberman alleges that staff at the Portage County jail recorded confidential telephone conversations that he had with his lawyers and then shared those recordings with the district attorney's office, without obtaining his consent to do either of those things. I screened Lieberman's complaint in accordance with 28 U.S.C. § 1915A and allowed him to proceed on claims under the Fourth Amendment, Sixth Amendment, and the Wisconsin Electronic Surveillance Act, Wis. Stat. § 968.31. But I directed him to show cause why his claims under the Due Process Clause and the Wisconsin Constitution and his claims against the Portage County Sheriff's Office and the Portage County District Attorney's Office should not be dismissed. Dkt. 7.

In his response, Lieberman concedes that his claims against the Portage County Sheriff's Office and Portage County District Attorney's Office should be dismissed and that he cannot

obtain damages for violations of the Wisconsin Constitution. But he says that he should be allowed to proceed on a claim under the Due Process Clause and on a claims under the Wisconsin Constitution for declaratory and injunctive relief. I agree and will allow him to proceed on both types claims.

ANALYSIS

A. **Substantive due process**

I directed Lieberman to show cause why his claim under the Due Process Clause should not be dismissed under the principle articulated in *Childress v. Walker*: "plaintiffs should resort to the substantive guarantees of the Due Process Clause for relief only when there is not a particular Amendment that provides an explicit textual source of constitutional protection against a particular sort of government behavior." 787 F.3d 433, 438–39 (7th Cir. 2015) (internal quotations and alterations omitted). It appeared that Lieberman's substantive due process claim was challenging the same conduct as his claims under the Fourth Amendment and Sixth Amendment.

In response, Lieberman says that his claims under the Fourth Amendment and Sixth Amendment may cover recording of, storage of, and listening to his attorney conversations, but not to transmission of those conversations or their use in court. Accordingly, I will allow Lieberman to proceed on this claim. At summary judgment or trial, he will have to show both that the Due Process Clause covers this claim and that defendants' conduct "shocks the conscience." *Cairel v. Alderden*, 821 F.3d 823, 833–34 (7th Cir. 2016). Alternatively, he could show that defendants violated his constitutional right of information privacy, which arises under the Due Process Clause. *Wolfe v. Schaefer*, 619 F.3d 782, 784–86 (7th Cir. 2010)

Lieberman faces an uphill battle under either theory. *Palka v. Shelton*, 623 F.3d 447, 453–54 (7th Cir. 2010) ("The threshold for this kind of due process claim is high; many forms of governmental misconduct are excluded."); *Wolfe,* 619 F.3d at 784 ("The [Supreme] Court has never held that the disclosure of private information denies due process."). But it would be premature to dismiss the claim now without allowing the parties to develop their facts and legal arguments.

B. **Injunctive relief**

I directed Lieberman to show cause why his claims for injunctive relief should not be dismissed in light of the fact that he is no longer housed at Portage County jail. In response, Lieberman says that defendants are still in possession of recordings of his conversations, so he has standing to seek the return or the destruction of those recordings. Although it seems unlikely that jail staff are continuing to store recordings from several years ago, Lieberman is entitled to an opportunity to prove that allegation. So I will allow him to proceed on his claims under the Wisconsin Constitution for injunctive relief.

ORDER

IT IS ORDERED that:

1. Plaintiff Brett Lieberman is GRANTED leave to proceed on a claims that defendants: (1) violated the Due Process Clause by transmitting and using privileged communication that Lieberman had with his lawyer; and (2) violated Article 1, §§

7 and 11 of the Wisconsin Constitution by recording and disclosing privileged communication that Lieberman had with his lawyer.

2. Defendants Portage County Sheriff's Office and the Portage County District Attorney's Office are DISMISSED with prejudice.

Entered July 25, 2018.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge