IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRETT LIEBERMAN, individually and
on behalf of all others similarly situated,

                Plaintiff,

    v.

PORTAGE COUNTY, MIKE LUKAS in his individual
capacity, CORY NELSON in his individual capacity,
DALE BOETTCHER in his individual capacity,
JOHN DOE PORTAGE COUNTY SHERIFF'S OFFICE
PERSONNEL in their individual capacities, and
JOHN DOE PORTAGE COUNTY DISTRICT
ATTORNEY'S OFFICE PERSONNEL in their
individual capacities,

                Defendants.

OPINION and ORDER

18-cv-450-jdp

---

        This is a proposed class action in which plaintiff Brett Lieberman alleges that Portage County, the county's sheriff, and two jail officials recorded his and other jail detainees' confidential legal communications without the detainees' knowledge or consent. Lieberman is asserting claims under the United States Constitution, the Wisconsin Constitution, and the Wisconsin Electronic Surveillance Act. Two motions are before the court: (1) defendants' motion to "strike" Lieberman's "state law class claims," Dkt. 24; and (2) a motion to intervene filed by the county's insurer, Wisconsin County Mutual Insurance Corporation (WCMIC), Dkt. 32.

        The court will deny defendants' motion to "strike" as premature. Defendants are seeking a ruling that *potential* class members do not state a claim upon which relief may be granted under state law. But the scope of defendants' motion does not include *Lieberman*, who is the only plaintiff in the case at this time. If defendants believe that potential class members

are subject to different defenses than Lieberman, they may raise that issue in the context of a motion for class certification. Or if defendants believe that the class as a whole has weak claims, they may seek dismissal of those claims after class certification. But they cannot seek dismissal of claims that are not yet part of the case.

The court will grant WCMIC's motion to intervene, which Lieberman did not oppose and defendants have stipulated to, Dkt. 42. This court routinely grants motions to intervene filed by insurers like WCMIC that wish to obtain a coverage determination, *E.g.*, *Haley v. Kolbe & Kolbe Millwork Co.*, No. 14-cv-99-bbc, 2014 WL 6982330, at *4 (W.D. Wis. Dec. 10, 2014) (collecting cases). As WCMIC acknowledges in its motion, the court will not stay proceedings while WCMIC seeks declaratory relief.

ANALYSIS

There is a threshold question raised by defendants' motion to "strike:" under what authority have defendants filed their motion? They do not cite a federal rule.

Motions to strike generally are governed by Rule 12(f), which applies when allegations in a pleading "are so unrelated to [a] plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Cooper v. McGowan*, No. 17-cv-383-jdp, 2018 WL 2223671, at *5 (W.D. Wis. May 15, 2018) (internal quotations omitted). But this is not what defendants are contending. Rather, their brief is styled as a motion to dismiss for failure to state a claim: they say that potential class members cannot proceed on a state-law claim because they did not comply with the prerequisites in Wis. Stat. § 893.80(1d) for bringing such a claim. But Lieberman has not moved for class certification yet, so the claims of potential class members are not before the court. The court cannot issue an advisory opinion about claims

that are not yet part of the case. *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 544 (7th Cir. 2008).

It seems that what defendants are really trying to do is obtain an early determination under Rule 23 that Lieberman's state-law claims should not be certified for class treatment. Rule 23 does not prohibit defendants from seeking a decision on class certification, *Blihovde v. St. Croix Cty., Wis.*, 219 F.R.D. 607, 612 (W.D. Wis. 2003), but that decision is governed by a well-established test, *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015), which defendants ignore. This is reason alone for denying defendants' motion.

But even if the court were to apply the test for defendants, the court would deny defendants' motion. The arguments raised in defendants' motion are most similar to the question whether Lieberman's claims are "typical" of the class, as required by Rule23(a)(3). Generally, a plaintiff cannot represent a class if he is not subject to the same defenses as the potential class members. *Dawson v. Great Lakes Educ. Loan Servs., Inc.*, 327 F.R.D. 637, 643 (W.D. Wis. 2018). So if Lieberman complied with § 893.80(1d) but the potential class members did not, that could be a ground for denying class certification. But defendants are not making that argument. In fact, they acknowledge in a footnote that they intend to argue in a subsequent motion that Lieberman didn't comply with § 893.80(1d) either. Dkt. 25, at 1 n.1. They do not explain why they aren't making the argument now.

If defendants believe that neither Lieberman nor the potential class members complied with § 893.80(1d), that is not a ground for denying class certification. It is an argument *for* certifying the class and then moving to dismiss the entire class action on that ground. *See Schleicher v. Wendt,* 618 F.3d 679, 686 (7th Cir. 2010) ("Rule 23 allows certification of classes that are fated to lose.").

Finally, even if the court could consider at this stage of the proceedings whether potential class members complied with § 893.80(1d), the court would deny defendants' motion. The parties debate many issues about the application of § 893.80(1d) in their briefs, but defendants simply ignore Lieberman's argument that potential class members "substantially complied" with Wis. Stat. § 893.80(1d), which is usually sufficient. *See Townsend v. Neenah Joint Sch. Dist.*, 2014 WI App 117, ¶ 23, 358 Wis. 2d 618, 632, 856 N.W.2d 644, 651 ("'[S]ubstantial compliance' rather than strict compliance is and always has been the standard for considering whether a notice complies with Wis. Stat. § 893.80(1d)."). Because defendants failed to develop an argument on this issue, the court concludes that defendants have forfeited it for the purpose of their motion. Defendants are free to raise any issues about class certification in a Rule 23 motion or about the merits in a summary judgment motion, but they have not shown that they are entitled to any relief at this time.

ORDER

IT IS ORDERED that:

1. Defendants' motion to "strike" the state-law class claims, Dkt. 24, is DENIED.

2. Wisconsin County Mutual Insurance Corporation's motion to intervene, Dkt. 32, is GRANTED, and the parties' stipulation, Dkt. 42, is APPROVED.

Entered January 24, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge