IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRETT LIEBERMAN, individually and
on behalf of all others similarly situated,

                    Plaintiff,

    v.

PORTAGE COUNTY, MIKE LUKAS,
CORY NELSON, and DALE BOETTCHER,

                    Defendants,

    and

WISCONSIN COUNTY MUTUAL INSURANCE
CORPORATION,

                  Intervenor-Defendant.

ORDER

18-cv-450-jdp

---

        Plaintiff Brett Lieberman has filed an unopposed motion for final approval of a class settlement. Dkt. 135. But a preliminary review of the motion reveals three flaws, two of which the court flagged in a previous order. *See* Dkt. 132.

        First, the motion isn't framed around the factors listed in Federal Rule of Civil Procedure 23(e)(2), which was amended in 2018. Instead, plaintiffs rely on an outdated standard from *Armstrong v. Board of School Directors of the City of Milwaukee*, 616 F.2d 305, 312 (7th Cir. 1980). The *Armstrong* factors overlap substantially with Rule 23(e)(2), but they are not the same. So Lieberman will need to file a supplement that addresses the Rule 23(e)(2) factors.

        Second, in arguing that their request for attorney fees is reasonable, plaintiffs say that their request fees are approximately 45 percent of the total settlement fund. But plaintiffs'

percentage is based on an assumption that the settlement fund includes administrative costs, which is incorrect. "The ratio that is relevant to assessing the reasonableness of the attorney's fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). Costs "should not . . . be[] included in calculating the division of the spoils between class counsel and class members." *Id.* So Lieberman must file a supplement to his fee request, using the appropriate ratio to argue the reasonableness of counsel's fees.

Third, counsel for Lieberman did not include their billing records with their fee petition, as required by this court's procedures. *See* Dkt. 23, at 39 ("A party should include the following in its request for fees and costs: . . . 2. Contemporaneous logs, with separate entries for the hours spent on specific tasks. Each entry should indicate who performed the work and give a description of the task."). Counsel should provide those logs to the court now. If counsel believes that the records include confidential information, plaintiffs may file the logs under seal.

ORDER

IT IS ORDERED that plaintiff Brett Lieberman is directed to supplement his motion for final approval of the class settlement no later than February 22, 2021.

Entered February 10, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge